*In re* GOOSE CREEK DRAINAGE DISTRICT No. 1, in the Town of Goose Creek, in the County of Piatt and State of Illinois (Linda Cohen *et al.*, Objectors-Appellants, v. Roy J. Kleven, Commissioner-Appellee).

Fourth District    No. 4—98—0784

Argued June 16, 1999.—Opinion filed September 7, 1999.

Albert G. Webber (argued) and Heidi R. Balsley, both of Kehart, Shafter & Webber, P.C., of Decatur, for appellants.

No brief filed for appellee.

JUSTICE COOK delivered the opinion of the court:

In September 1997, the Goose Creek Drainage District No. 1 (District) held an election for the office of one of three commissioners. The candidates for the position were Roy Kleven and Robert Kingston. Kleven won the election by one vote, 14 to 13.

In October 1997, certain electors filed a petition to contest the election. Kingston, Linda Cohen, Lester Richards, Rozella Richards, John Remmers, and Harry Remmers (the objectors) were among those alleging the election was invalid due to two instances of fraud or mistake. The objectors claimed Harry Remmers was wrongly denied an absentee ballot and another elector, Lola Reed, was improperly allowed to vote twice, individually and in her capacity as executor of her husband's estate. The objectors claimed Reed went to the polling place and inquired whether she could vote as executor of her husband's estate. Two of the three commissioners, who sit as judges of the election, instructed Reed she could vote twice. One of the commissioners who allowed Reed to vote twice was Kleven, one of the candidates of the election.

In March 1998, the objectors amended their petition to allege that the two instances of fraud changed the result of the election. In May 1988, the objectors filed a motion for summary judgment on the petition. Kleven responded with a countermotion for summary judgment. Kleven also filed a motion to dismiss, arguing the Illinois Drainage Code (Drainage Code) (70 ILCS 605/1—1 *et seq.* (West 1996)) does not provide for election contests and that the Election Code (10 ILCS 5/1—1 *et seq.* (West 1996)), which does permit election contests, does not apply to drainage districts. The trial court granted the motion to dismiss, noting the Illinois Drainage Code does not provide for election contests and the right to an contest an election did not exist at common law.

Plaintiffs appeal, arguing the trial court wrongly dismissed their petition. The objectors acknowledge the Drainage Code is silent on the issue of contesting elections. However, they contend the Election Code's provisions on contesting elections should apply. Otherwise, no mechanism is provided for contesting the election for commissioner of a drainage district.

■ Kleven has not responded with an appellee's brief. When an appellee fails to submit a brief, a reviewing court should give the merits of the appeal at least some consideration, so long as the issues are simple and easily decided. *First Capitol Mortgage Corp. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 133, 345 N.E.2d 493, 495 (1976). If

the case is not easily decided, we may reverse the judgment of the trial court so long as the appellant's brief demonstrates a *prima facie* case for error and the contentions of the brief find support in the record. *First Capitol Mortgage Corp.*, 63 Ill. 2d at 133, 345 N.E.2d at 495. The issue in this case is not complex; therefore, we will address its merits.

■■ Drainage districts are created and governed by the Drainage Code for the purpose of ensuring waters will not accumulate on higher land as a result of the acts or omissions of landowners of lower elevation. *Knaus v. Dennler*, 170 Ill. App. 3d 746, 750, 525 N.E.2d 207, 209 (1988). District commissioners have the duty to maintain the district and broad powers to carry out the district's purposes. *Peters v. Milks Grove Special Drainage District No. 1*, 243 Ill. App. 3d 14, 17, 610 N.E.2d 1385, 1388 (1993). Commissioners are elected according to the specific requirements of section 4—5 of the Drainage Code. 70 ILCS 605/4—5 (West 1996). The Drainage Code dictates numerous rules and procedures that must be followed in electing commissioners, including, (1) voting shall be done by secret ballot, (2) every adult owner of land in the district is entitled to vote, (3) commissioners shall designate and give notice of the time and place of voting, (4) the polls shall be open from 2 to 4 p.m., and (5) the ballots shall be returned to the clerk of the circuit court within 48 hours after the election. 70 ILCS 605/4—5 (West 1996). The Drainage Code does not contain a specific provision providing for the "contest" of an election. However, it does provide:

> "In any case where the commissioners have failed to give notice *and to hold an election as provided in this Section*, the circuit court of the county in which the district is organized may, on the petition of any owner of land in the district, designate the time and place for a special election." (Emphasis added.) 70 ILCS 605/4—5 (West 1996).

■ Clearly, the legislature intended that drainage district elections could be contested due to violations of voting procedures. The Drainage Code specifically grants the circuit court the authority to hold a special election in the event the election rules of section 4—5 are not followed. It is unreasonable to assume the legislature would mandate specific voting procedures and then not provide any means of enforcing them. Statutes must be construed to avoid "absurd, unjust, unreasonable[,] or inconvenient results." *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110, 610 N.E.2d 1250, 1253 (1993). The trial court erred in concluding that no right to contest a drainage district election exists.

We disagree, however, with the objector's contention that the contest provisions of the Election Code apply. The construction and

applicability of the Election Code are found in section 2A—1(a) and provide:

"[T]his Code shall not apply to elections for officers or public questions of *** drainage districts, except as specifically made applicable by another statute." 10 ILCS 5/2A—1(a) (West 1996).

Since the Drainage Code does not specifically make applicable the Election Code's provisions, the parties are not bound to follow the contest provisions.

In cases where an election has not been held in accordance with the law, section 4—5 of the Drainage Code empowers the circuit court to order a special election. We have no doubt that, in conducting that special election, the circuit court may take whatever steps are necessary to ensure that the requirements of the Drainage Code for electing commissioners are met. In particular, the circuit court may set a date for the special election, require the preregistration of voters, and provide for absentee ballots.

In this case, the objectors alleged two irregularities occurred that changed the result of the election. The objectors claimed Remmers was denied an absentee ballot and Reed improperly voted twice. The objectors also submitted documentation to support both allegations. We reverse and remand to the trial court to determine whether the voting procedures of the Drainage Code were violated and to determine whether a special election is necessary.

Reversed and remanded with directions.

STEIGMANN and GARMAN, JJ., concur.