No. 2--00--0490

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

THE PEOPLE OF THE STATE ) Appeal from the Circuit Court

OF ILLINOIS, ) of Kane County.

)

Plaintiff-Appellant, ) No. 99--CF--718  

                                )                   

v. )

                                )  Honorable

HAROLD CROWDER,    ) John L. Petersen and

) F. Keith Brown,   

Defendant-Appellee. ) Judges, Presiding.

________________________________________________________________

JUSTICE McLAREN delivered the opinion of the court: 

Defendant, Harold Crowder, was charged with unlawful possession of weapons by a felon (720 ILCS 5/24--1.1(a) (West 1998)) and unlawful use of weapons (720 ILCS 5/24--1(a)(4) (West 1998)).  After defendant filed a discovery request for the item that was the basis for the charges, he learned that it had been destroyed.  Defendant filed a motion to dismiss the indictment, which the trial court granted.  The State appeals, contending that dismissing the indictment was too harsh a sanction.  We affirm.

A criminal complaint charged defendant with two weapons offenses based on his having possessed a .357 Taurus revolver.  Defendant filed a discovery request seeking, 
inter alia
, "an opportunity to examine and photocopy, any *** tangible objects which the prosecution intends to use in the hearing or trial which were obtained from or belong to the accused."  The State's response stated that it might seek to introduce "said weapon."  Defendant later received in supplemental discovery a form from the Aurora police department indicating that the gun had been destroyed.

Defendant moved to dismiss the indictment and the trial court granted the motion.  After the court denied its motion to reconsider, the State filed a timely notice of appeal.

In 
People v. Newberry
, 166 Ill. 2d 310 (1995), the supreme court held that the trial court properly dismissed drug possession charges where the substance the police seized from defendant was inadvertently destroyed after defendant had filed a discovery request for it.  
Newberry
 reiterated that a trial court possesses the inherent authority to dismiss an indictment to avoid a due process violation.  
Newberry
, 166 Ill. 2d at 313-14.  The court agreed with the lower courts that the destruction of the substance after defendant had specifically requested to inspect it violated due process even though the State did not act in bad faith.  
Newberry
, 166 Ill. 2d at 315.  Noting that the evidence defendant sought was "essential to and determinative of the outcome of the case," the court held that defendant had no "realistic hope of exonerating himself absent the opportunity to have it examined by his own experts."  
Newberry
, 166 Ill. 2d at 315.

This court followed 
Newberry
 in 
People v. Coleman
, 307 Ill. App. 3d 930 (1999).  There, too, defendant was charged with a controlled substance offense.  However, the substance was inadvertently lost or destroyed, apparently after defendant had filed his discovery request.  We held that the trial court erred in denying defendant's motion to dismiss the indictment.  
Coleman
, 307 Ill. App. 3d at 934.

Despite the clear authority of 
Newberry
 and 
Coleman
, the State 

raises a number of arguments that the court erred in dismissing the indictment here.  First, the State contends that the trial court's ruling should be reversed because it was based in part on a mistake of law.  In granting defendant's motion to dismiss, the court stated that the State would have to prove that the gun was in working condition.  The State points out that a defendant may be convicted of weapons possession offenses even if the 
firearm
 is inoperable.  See 
People v. Hester
, 271 Ill. App. 3d 954, 957 (1995); 
People v. White
, 253 Ill. App. 3d 1097, 1098 (1993).  However, we may affirm the trial court's judgment on any basis that appears in the record.  
Grisanzio v. Bilka
, 158 Ill. App. 3d 821,  828-29 (1987).  Even if the State did not have to prove the firearm was operable, it still had to prove that it was a 
firearm
.  As defendant points out, for all we know, the "gun" seized from defendant could have been a toy, a nonfunctioning replica, or a "piece of wood or soap."  Without being able to inspect the weapon and examine it and its outward appearance, defendant would not be able to refute in any meaningful way the State's contention that it was a firearm.

In a related argument, the State contends that a gun is not like the controlled substances at issue in 
Newberry
 and 
Coleman
.  It contends that while a white powder may be cocaine, baking soda, or some other innocent substance, a gun "is what it is and appears to be."  As noted above, an object that looks like a gun may actually be a toy or a realistic replica.  It makes no more sense to say that everything that looks like a gun is a gun than to say that everything that looks like cocaine is cocaine.  We reject the argument that 
Newberry
 is distinguishable for this reason.

The State's principal argument is that the "drastic" sanction of dismissing the indictment was simply too harsh.  However, while the State repeatedly argues that the dismissal of the indictment was not warranted, it does not suggest what other sanction would have been appropriate.  It cites 
People v. Forsythe
, 84 Ill. App. 3d 643 (1980), where the court held that dismissing the indictment was unwarranted where the prosecutor inadvertently failed to disclose the existence of an informant.  The court noted that the trial court should have considered lesser sanctions such as a continuance so that defense counsel could interview the informant.  
Forsythe
, 84 Ill. App. 3d at 646.

The State does not explain how a continuance would help defendant here.  No matter how long the case is continued, the gun will still be destroyed.  No amount of time will allow it to be put back together so that defendant can examine it.

The State seems to suggest that no sanction at all is warranted because it has already been prejudiced by not having the gun to use as evidence.  This argument misses the point.  The issue is not the strength of the State's case or its ability to proceed to trial without the evidence.  The question is the 
defendant's
 ability to prepare for trial without being able to examine the evidence against him.  Were the case to proceed to trial, we have no doubt that the State would be able to call police officers who would testify that the gun they seized from defendant was in fact an operable firearm.  By contrast, defendant will have no way to refute this testimony, except perhaps by his own bare assertion that it was not.

This case is essentially indistinguishable from 
Newberry
 and 
Coleman
.  Accordingly, the trial court did not err in dismissing the indictment.

The judgment of the circuit court of Kane County is affirmed.

Affirmed.

BYRNE and GROMETER, JJ., concur.