THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellant, v. WILLIAM CAMP, Defendant-Appellee.

Second District    No. 2—03—1271

Opinion filed September 7, 2004.

Deborah E. Ellis, State's Attorney, of Oregon (Michael Myzia, Assistant State's Attorney, and Martin P. Moltz and Gregory L. Slovacek, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

No brief filed for appellee.

JUSTICE McLAREN delivered the opinion of the court:

Defendant, William Camp, was charged with driving under the influence of alcohol (DUI) (625 ILCS 5/11—501(a)(2) (West 2002)). After discovery began, defendant moved to dismiss the charge, arguing that he could not receive a fair trial because the State had lost a videotape of his field sobriety tests. The trial court dismissed the charge with leave to reinstate should the tape be recovered. The State appeals (see 188 Ill. 2d R. 604(a)(1)), contending that the dismissal was an excessive sanction for the inadvertent loss of the tape. We agree. Therefore, we reverse the judgment and remand the cause.

On November 3, 2002, defendant was charged with DUI. Although the arresting officer's sworn report stated that defendant had had a blood- or breath-alcohol content (BAC) of 0.93, the complaint charged defendant with DUI (625 ILCS 5/11—501(a)(2) (West 2002)) but not with driving with a BAC of 0.80 or more (625 ILCS 5/11—501(a)(1) (West 2002)). On November 8, 2002, defendant filed a general motion for discovery. On August 23, 2003, defendant moved to quash his arrest and suppress evidence (motion to quash), alleging that the arresting officer lacked reasonable suspicion to stop him or probable cause to arrest him for DUI.

On September 24, 2003, while his motion to quash was pending, defendant moved to dismiss the complaint. Defendant did not invoke a statutory ground for dismissal (see 725 ILCS 5/114—1(a) (West 2002)) but relied on due process. Defendant's motion, supported by the affidavit of his attorney, Byron Sloan, alleged as follows. Through discovery, defendant became aware of a videotape of him performing field sobriety tests immediately before his arrest. On April 7, 2003, defendant learned the State's Attorney's office had the tape. That day, the tape was released to defendant and Sloan. After viewing the tape, they believed that it was essential to their case because it showed defendant performing well on the tests under difficult conditions, in contradiction to the arresting officer's report. That same day, defendant returned the tape to the State's Attorney's office. However, after April 7, 2003, he was told that the State could not locate the tape.

According to defendant, allowing the State to proceed with the case would violate due process because he would be unable to present evidence that was crucial to both his motion to quash and his defense at trial. At the hearing on the motion, defendant acknowledged that the State had not acted in bad faith. However, he asserted that, under *People v. Newberry*, 166 Ill. 2d 310 (1995), bad faith was not needed to establish a due process violation. Defendant maintained that the tape was important because it showed that he had been driving properly before he was stopped, thus supporting his motion to quash, and it portrayed him performing the field sobriety tests well. Defendant reasoned that, without the tape to use as evidence at trial, he would have to rely solely on his own testimony to rebut the officer's account of the field sobriety tests.

Assistant State's Attorney Michael Myzia responded that, after defendant filed his motion to quash, Myzia obtained the case file and tried to find the videotape. Neither Myzia nor the other assistant State's Attorney involved in this case had viewed the tape, and they had no idea of its contents or whereabouts. Myzia contended that *Newberry* was distinguishable because, unlike the drugs that were destroyed in *Newberry*, the tape itself did not give rise to the State's case. Also, he urged, the court could impose a sanction short of dismissal, such as instructing the jury that it could "take the disappearance of evidence in a manner disadvantageous to the prosecution."

The trial court agreed with defendant, reasoning that the videotape was crucial because it directly depicted what happened, whereas testimony would be based on memory and susceptible to the witness's bias. The trial court dismissed the charge without prejudice

and with leave to reinstate if the tape became available. The State timely appealed.

On appeal, the State argues that dismissal of the charge was improper because going to trial without the lost tape would not deny defendant due process. Defendant has not filed an appellee's brief. We may not reverse the judgment summarily merely because the appellee has not filed a brief. *First Capitol Mortgage Co. v. Talandis Construction Corp.*, 63 Ill. 2d 128, 130 (1976). However, we need not serve as an advocate for the appellee or search the record in order to sustain the judgment. *Talandis*, 63 Ill. 2d at 133. If the issue is not easily decided, we may reverse the judgment if the appellant's brief makes a *prima facie* case for error and the brief's contentions find support in the record. *In re Goose Creek Drainage District No. 1*, 307 Ill. App. 3d 82, 83-84 (1999). We conclude that the State has made a *prima facie* case for error.

A trial court has the authority to dismiss a charge when the failure to do so would deprive the defendant of due process or result in a miscarriage of justice. *Newberry*, 166 Ill. 2d at 314. Dismissal *may* be appropriate under this standard when the State has destroyed evidence, even absent bad faith. Thus, in *Newberry*, the police seized what appeared to be cocaine from the defendant. After the substance tested negative, the defendant was charged with possessing a look-alike substance. However, a second drug test was positive. The State then indicted the defendant for possessing cocaine and several closely related offenses and dismissed the look-alike substance charge. After the defendant filed a general discovery request, he learned that the police had mistakenly destroyed the alleged cocaine. On the defendant's motion, the trial court dismissed the indictments. *Newberry*, 166 Ill. 2d at 312-13.

The supreme court affirmed the trial court's decision. The court held that, even absent bad faith, trying the defendant would deny him due process because the destroyed evidence was "essential to and determinative of the outcome of the case." *Newberry*, 166 Ill. 2d at 315. That was because the defendant could not be convicted of the possession charges without proof of the content of the substance and, conversely, could not hope to exonerate himself without a chance to have his own experts examine the substance. *Newberry*, 166 Ill. 2d at 315.

The court distinguished *Arizona v. Youngblood*, 488 U.S. 51, 102 L. Ed. 2d 281, 109 S. Ct. 333 (1988), which held that police did not deny the defendant due process by inadvertently destroying evidence that might have aided him. The *Newberry* court observed first that, in *Youngblood*, the Court required a showing of bad faith because the

evidence that was destroyed had no more than speculative value to either the State or the defendant. *Newberry*, 166 Ill. 2d at 315; see *Youngblood*, 488 U.S. at 58, 102 L. Ed. 2d at 289, 109 S. Ct. at 337. The court observed second that in the case before it, unlike in *Youngblood*, the evidence was destroyed after the defendant had requested it in discovery. Thus, the State had been on notice that it needed to preserve the evidence. *Newberry*, 166 Ill. 2d at 317.

Aside from relying on due process, the supreme court upheld the dismissal of the charge as a proper sanction for the State's discovery violation. The court observed that, under Supreme Court Rule 415(g)(i) (134 Ill. 2d R. 415(g)(i)), a trial court may impose appropriate sanctions where the State fails to meet its discovery obligations, even absent bad faith. *Newberry*, 166 Ill. 2d at 317-18. Because the evidence that was destroyed was "pivotal," the court held that the trial court did not abuse its discretion in dismissing the charge. *Newberry*, 166 Ill. 2d at 318.

We have applied *Newberry* to uphold dismissals on due process grounds where the State destroyed evidence that was essential or outcome determinative. In *People v. Crowder*, 323 Ill. App. 3d 710 (2001), the defendant was charged with two weapons offenses. After receiving a discovery request for the gun on which the charges were based, the State lost the gun. The trial court dismissed the charges. We affirmed, observing that the key issue was whether the gun was actually a firearm and not, *e.g.*, a toy or inoperable replica. *Crowder*, 323 Ill. App. 3d at 712. Thus, the gun was essential to the case, and the defendant had no realistic hope of exonerating himself unless his experts could examine it. *Crowder*, 323 Ill. App. 3d at 712; see also *People v. Coleman*, 307 Ill. App. 3d 930, 934 (1999) (dismissal proper after State inadvertently lost or destroyed alleged controlled substance that defendant had sought in discovery).

The State argues that this case is distinguishable from *Newberry*, *Crowder*, and *Coleman* because, unlike the physical evidence in those cases, the videotape in this case was not essential or outcome determinative. We agree. Although the videotape may be important to defendant, and its loss may prejudice him, the tape itself did not give rise to the charge against defendant. The charge of DUI is not premised on the existence of the videotape but on certain events, about which the videotape is simply one source of evidence, albeit a potentially important one. Therefore, the facts of this case do not fit the extreme circumstances of the cases that we have cited. We conclude that the State has established a *prima facie* case of error and that the trial court erred in holding that due process required it to dismiss the charge of DUI.

■ While seeking the reversal of the order dismissing the charges, the State concedes that the loss of the tape was a discovery violation for which sanctions are appropriate. The trial court based its ruling solely on due process and thus did not consider what sanctions would be proper under the discovery rules. This is primarily a question for the trial court, which has broad discretion to impose sanctions that are proportionate to the magnitude of the discovery violation. *Newberry*, 166 Ill. 2d at 317-18; *People v. Koutsakis*, 255 Ill. App. 3d 306, 314 (1993). However, as we have held that the loss of the tape is less serious than the loss of the evidence in *Newberry, Crowder*, and *Coleman*, we also hold that the dismissal of the charge would be disproportionate to the State's discovery violation. Nonetheless, the trial court may consider a variety of less drastic options. These include instructing the jury that the absence of the videotape requires an inference that the tape's contents are favorable to defendant. See *Thorne v. Department of Public Safety*, 774 P.2d 1326, 1331-32 (Alaska 1989) (imposing similar remedy on remand to hearing officer in DUI case). On remand, the trial court is to consider the appropriate sanction under Rule 415(g)(i) for the State's discovery violation.

The judgment of the circuit court of Ogle County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

O'MALLEY, P.J., and HUTCHINSON, J., concur.