2024 IL App (2d) 240082-U
No. 2-24-0082
Order filed April 24, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 24-CF-132 |
| JOSE D. BUSTOS GOMEZ, | ) ) | Honorable Michael J. Noland, |
| Defendant-Appellee. | ) | Judge, Presiding. |

JUSTICE HUTCHINSON delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1     *Held*:  The trial court abused its discretion in finding, in part, that the State's proffered evidence was hearsay and could not be considered in determining whether the State proved by clear and convincing evidence that the proof was evident or the presumption great that the defendant committed an offense that qualifies for pretrial detention.

¶ 2     In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), the State appeals the January 28, 2024, order of the circuit court of Kane County denying the State's petition to deny pretrial release pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/110-1 *et seq*. (West 2022)), commonly known as the Pretrial Fairness

Act (Act). See Pub. Acts. 101-652, § 10-255, 102-1104, § 70 (eff. Jan. 1, 2023). The State contends, *inter alia*, that the trial court erred in holding that the police synopsis contained hearsay and that there was no corroboration for the charge of criminal sexual abuse of a minor. For the reasons that follow, we vacate the trial court's order and remand the matter for further proceedings consistent with this order.

¶ 3                                    I. BACKGROUND

¶ 4     On January 22, 2024, defendant was charged by complaint with three counts of aggravated criminal sexual abuse, defendant more than 5 years older than the victim (720 ILCS 5/11-1.60(d) (West 2022)) (Class 2 felony). On January 27, 2024, the State fled a verified petition to deny pretrial release, alleging that defendant was charged with detainable offenses, posed a real and present threat to the safety of any person or persons or the community, and no condition or combination of conditions of release can mitigate the real and present threat to the safety of any person or persons or the community.

¶ 5     On January 28, 2024, the matter immediately proceeded to a detention hearing, and the State proffered the following: (1) a sworn police synopsis; (2) a verified petition for civil no contact order; and (3) a civil no contact order.

¶ 6     The sworn police synopsis read as follows:

        "On 11/13/2023, the Kane County Child Advocacy Center (KCCAC) received a new report of alleged sexual abuse of a child from the Department of Children and Family Services (DCFS) intake number 14752624 and Aurora Police Department #2023-014786.

        On 11/16/2023, juvenile victim A.C. (DOB 3/11/2008) came to the KCCAC and participated in a child forensic interview (CFI). A.C. said her family was in the process of moving and her godfather, [defendant] was helping them. A.C. rode with [defendant] to

the new place in Aurora. After A.C. and [defendant] moved things into the new place, [defendant] began touching A.C. all over her body. During the interview A.C. disclosed [defendant] touched her breast with his hand, over her clothes, and touched her vagina two times with his hand, over her clothes. [Defendant] left the apartment shortly after."

¶ 7    The verified petition for civil no contact order, prepared by A.C.'s mother, stated the victim's request for the order was because "[defendant] *** touched minor child A.C.'s *** breast, *** thigh, and *** vulva. [Defendant] also *** warned minor child A.C. not to tell nobody because she already knew what was going to happen."

¶ 8    The emergency civil no contact order found "that good cause exists for granting the remedy regardless of prior service of process or notice upon [defendant], because the harm which that remedy is intended to prevent would be likely to occur if [defendant] were given any greater notice than was given, of [victim's] efforts to obtain judicial relief." Defendant was ordered to stay at least 500 feet away from A.C. and not to contact her in any manner. The order further found as follows:

"In granting the *** remedies, the Court has considered all relevant factors, including but not limited to the nature, severity, and consequences of [defendant's] past non-consensual sexual conduct or non-consensual sexual penetration of [A.C.], including [defendant's] concealment of his *** location in order to evade service of process or notice, and the likelihood of danger of future non-consensual sexual conduct or nonconsensual penetration of the party to be protected."

The emergency civil no contact order was issued by the judge in the underlying case, Michael Noland.

¶ 9    During the pretrial detention hearing, the trial court suggested that the sworn police

synopsis might be considered hearsay. It further suggested that A.C.'s testimony, "since she's not here," might be considered hearsay, rendering the police synopsis "hearsay upon hearsay." The trial court then stated as follows:

> "So, if I try to take the evidence that by way of some testimony or statement that is the least riddled with hearsay, I might have to rely upon her verified petition for the civil no-contact order where she states [that defendant touched her breasts and vagina] and *** he warned her, warned the minor child, A.C., not to tell anybody because she already knew what was going to happen. That's her statement on this petition."

Defense counsel argued that the statements in the verified petition for civil no contact order were made by A.C.'s mother, producing "hearsay yet upon hearsay upon hearsay."

¶ 10     The trial court found that the State had not proven by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the offenses charged. The court stated as follows to that issue:

> "[T]his is a matter in its preliminary phases. There is yet to have strong proofs entered as of record, and we're not seeing anything that indicates that this might necessarily be a statement by a minor; that there may be something happening here, I'm not sure exactly what, but I don't think the Court even in finding probable cause for the arrest understood exactly what. It's just whether a reasonable person would believe based upon the statement of a minor that there might be a reason for an arrest. Not that he's been convicted. He's not being tried here at this time. We're not getting into the facts of the case. All right? That's just a matter for the trial court[.]"

¶ 11     The trial court went on to find that defendant does not pose a threat to A.C., nor are there any necessary conditions to mitigate a threat posed by defendant. The State then timely filed this

appeal.

¶ 12                                    II. ANALYSIS

¶ 13     Although the State has raised several contentions, we find its contention that the trial court erred in its determination that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the charged offenses to be dispositive to appeal. As such, our brief analysis will be limited to that contention.

¶ 14     All persons charged with an offense in Illinois are eligible for pretrial release, which is governed by article 110 of the Code, as amended by the Act. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). Under the Code, as amended, a defendant may be denied pretrial release where he or she poses a real and present threat to the safety of any person or the community. *Id.* § 110-6.1(a). In order to overcome the presumption that a defendant is eligible for pretrial release, the State must prove by clear and convincing evidence that: (1) the proof is evident or the presumption great that the defendant has committed an offense that qualifies for pretrial detention; (2) the defendant poses a real and present threat to the safety of any person in the community based on the specific and articulable facts of the case; and (3) no condition or combination of conditions could mitigate the real and present threat, based on the specific and articulable facts of the case. *Id.* § 110-6.1(e).

¶ 15     We review the trial court's decision to deny pretrial release under a bifurcated standard. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. Specifically, we apply the manifest-weight-of-the-evidence standard to the trial court's factual findings, including whether a defendant poses a threat and whether any condition or combination of conditions could mitigate that threat. *Id.* A finding is against the manifest weight of the evidence only if the opposite conclusion is clearly apparent. *In re Marriage of Kavchak*, 2018 IL App (2d) 170853, ¶ 65. As for the trial court's ultimate determination of pretrial release, we review it for an abuse of discretion. *Trottier*, 2023

IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only when the trial court's determination is arbitrary, fanciful, or unreasonable, or where no reasonable person would take the view adopted by the trial court. *Id.*

¶ 16    While the Act requires proof by clear and convincing evidence, it also expressly provides that the State may satisfy its burden of persuasion by presenting evidence "at the hearing by way of proffer based on reliable information." 725 ILCS 5/110-6.1(f)(2) (West 2022). The quantum of evidence required to detain a defendant pending trial is less than what is required at trial to prove guilt beyond a reasonable doubt (see *id.* §§ 110-6.1(f)(2), (f)(4), (f)(5), and this court has repeatedly held that a police synopsis alone may be sufficient to sustain the State's burden. *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24; *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24; *People v. Jones*, 2024 IL App (2d) 230546-U.

¶ 17    Most hearings under the Act will not be a traditional type of evidentiary hearing, with live testimony in which a witness testifies to his or her personal knowledge. *People v. Whitaker*, 2024 IL App (1st) 232009, ¶ 55. Although the parties are permitted to call witnesses and present evidence, the legislature has recognized that requiring live testimony at such a hearing would be extremely burdensome. *Id.* As a result, the legislature has directed that "[t]he rules concerning the admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the hearing" (725 ILCS 5/110-6.1(f)(2), (5) (West 2022)), specifically permitting acceptable evidence to include hearsay, and proffers based on reliable information. A proffer "apprise[s] the trial court what the offered evidence is or what the expected testimony will be, by whom it will be presented and its purpose." *Id.*, quoting *People v. Weinke*, 2016 IL App (1st) 141196, ¶ 41.

¶ 18   The evidence that is explicitly permitted by the Act includes hearsay, which may come from the complaining witness, police officers or other witnesses. *Whitaker*, 2024 IL App (1st) 232009, ¶ 57. Such evidence, when admitted without objection, is to be considered and given its natural probative effect. *Id*. Hearsay evidence can be sufficient to meet the State's burden of proof under the Act. *Id*.

¶ 19   While this court cannot say whether the trial court's finding that the State failed to prove by clear and convincing evidence that defendant committed the charged offenses was against the manifest weight of the evidence, the record shows that its finding on this issue was an abuse of discretion. We are not holding that the State met its burden by clear and convincing evidence, but, rather, that the trial court's findings were at least partly based on the erroneous notion that the sworn police synopsis and verified petition for civil no contact order were hearsay, and could not be used to determine whether the State had met its burden. See *Whitaker*, 2024 IL App (1st) 232009, ¶ 57.

¶ 20                              III. CONCLUSION

¶ 21   For the foregoing reasons, we vacate the order of the circuit court of Kane County denying the State's petition to detain and remand the matter for further proceedings consistent with this order.

¶ 22   Vacated and remanded.