2024 IL App (2d) 230546-U
No. 2-23-0546
Order filed February 6, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No. 23-CF-2565 |
| TEION D. JONES, | ) ) ) | Honorable Salvatore LoPiccolo, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE JORGENSEN delivered the judgment of the court.
Presiding Justice McLaren and Justice Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:   Defendant's removal of an electronic home monitoring device and attempts to elude officers implicated the considerations set forth in section 110-5(a) of the Code and more than sufficed to satisfy the State's burden of establishing that no conditions less than detention could mitigate the risk of willful flight.

¶ 2    In this interlocutory appeal under Illinois Supreme Court Rule 604(h) (eff. Oct. 19, 2023), defendant, Teion D. Jones, timely appeals the order of the circuit court of Kane County granting

the State's petition to detain him pursuant to Public Acts 101-562 and 102-1104 (eff. Jan. 1, 2023), commonly known as the Pretrial Fairness Act (Act).[1] We affirm.

¶ 3    On November 28, 2023, the State charged defendant with escape or violating an electronic home monitoring (EHM) detention program (730 ILCS 5/5-8A-4.1(a) (West 2022)), a class 3 felony, as well as criminal damage to government property (damage not exceeding $500) (720 ILCS 5/21-l.01(a)(1) (West 2022)), a class 4 felony.

¶ 4    On November 29, 2023, the State filed a verified petition to deny defendant pretrial release pursuant to section 110-6.1(a)(8) of the Code of Criminal Procedure of 1963 (Code), as amended by the Act. 725 ILCS 5/110-6.1(a)(8) (West 2022). The State alleged that defendant possessed a high likelihood of willful flight and was charged with a felony offense that was not a class 4 offense. In addition, as other grounds supporting detention, the State's verified petition alleged that defendant was currently: (1) on pretrial release in three cases (Nos. 23-CF-1852, 23-CF-2427, and 23-CM-1202); (2) on probation in two cases (Nos. 21-CF-1644 and 21-CF-1154); and (3) charged with unlawful use of a credit card in another case (No. 23-CF-2474). Moreover, the State alleged that defendant was previously adjudicated delinquent in Kane County in five cases (Nos. 15-JD-2, 16-JD-382, 17-JD-198, 18-JD-108, and 18-JD-386).

¶ 5    That same day, the case was called for hearing on the State's petition but was continued because defendant refused to leave his cell. The court issued a transport order.

---

[1]The Act has also been referred to as the Safety, Accountability, Fairness and Equity-Today (SAFE-T) Act. Neither name is official, as neither appears in the Illinois Compiled Statutes or public acts.

¶ 6 The hearing on the petition was, therefore, held on November 30, 2023. The State submitted as exhibits police synopses for the present case (exhibit No. 1), as well as five others (Nos. 23-CM-1202 (exhibit No. 2), 23-CF-2427 (exhibit No. 3), 23-CF-1852 (exhibit No. 4), 21-CF-1154 (exhibit No. 5), and 23-CF-2568 (exhibit No. 6)). After hearing argument, the court granted the State's petition, finding that the State had established by clear and convincing evidence that the proof was evident or the presumption great that defendant committed a felony detainable offense, possessed a high likelihood of willful flight to avoid prosecution, and no condition or combination of conditions could mitigate the risk of willful flight. The court considered the statutory definition of willful flight (725 ILCS 5/110-1(f) (West 2022)) and made extensive oral and written findings, noting, in part, its reliance upon the police synopses in State exhibit Nos. 1 and 6, which reflected that defendant was on EHM for another felony case (case No. 23-CF-2427), when, on November 27, 2023, police received an alert that he had tampered with or removed the monitoring device. Calls to defendant went unanswered, as his numbers were invalid, and police learned from defendant's mother that he cut off the device and threw it in the neighbor's yard. That day, police were unable to locate defendant. The next day, police found the device on defendant's neighbor's roof. When officers arrived at defendant's residence, they saw him inside, yet family members said he was not there. Defendant tried to leave the house from a side door, but, when officers told him to stop, he disobeyed their orders, ran through the house to another bedroom, "dove" out the window, and fled. Police utilized K-9 units to track defendant and found him in an abandoned residence. After he was apprehended, police found on defendant's person a stolen credit card, which had been used without authority to make a purchase in the amount of $212.75 from a company that sells bus and train tickets. Collectively, the court found sufficient

evidence that defendant fled from police to avoid arrest and prosecution and that no condition or combination of conditions could mitigate that risk.

¶ 7    On December 1, 2023, defendant filed a notice of appeal, using the form notice promulgated under Illinois Supreme Court Rule 606(d) (eff. Oct. 19, 2023).  On January 19, 2024, defendant submitted a declination letter, notifying the court that he would not be submitting a Rule 604(h) memorandum.  On January 24, 2024, the State submitted its memorandum opposing defendant's appeal.

¶ 8    In his notice of appeal, defendant requests that we "grant pretrial release."  With respect to his grounds for relief, defendant raises three issues.  We review defendant's arguments under a bifurcated standard of review: the court's factual determinations are reviewed to determine whether they are against the manifest weight of the evidence, and the court's ultimate determination regarding denial of pretrial release is reviewed for an abuse of discretion.  *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13.  An abuse of discretion occurs when the court's decision is unreasonable.  *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 9    Defendant argues first that the State failed to meet its burden to prove by clear and convincing evidence that the proof was evident and presumption great that he committed the charged offenses, because "the proffered police synopsis" was insufficient to do so.  We reject this undeveloped assertion.  Although the Act requires proof by clear and convincing evidence, it also plainly states that the State "may present evidence at the hearing by way of proffer based on reliable information."  725 ILCS 5/110-6.1(f)(2) (West 2022).  We have previously held that a police synopsis alone may be sufficient to sustain the State's burden.  See, *e.g.*, *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24.

¶ 10    Next, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that no condition or combination of conditions could mitigate the risk of his willful flight, because the proffered police synopsis was insufficient to do so, the State's exhibit Nos. 2 through 5 provided no evidence of willful flight, and the synopsis in exhibit Nos. 1 and 6 reflected that defendant was residing and located at the address provided to the sheriff's office upon his prior release.  We disagree.

¶ 11    Once the court found that the State met its burden of establishing a risk of willful flight, it was to consider several factors in determining whether conditions short of detention could mitigate the risk of that flight, including, but not limited to (1) the nature and circumstances of the offense charged, (2) the weight of the evidence against defendant, (3) defendant's history and characteristics, and (4) the nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a) (West 2022).  Here, exhibit Nos. 1 and 6, which described the events of defendant's removal of the EHM device and attempts to elude officers, implicated the considerations set forth in section 110-5(a) and more than sufficed to satisfy the State's burden of establishing that no conditions less than detention could mitigate the risk of willful flight.  Indeed, defendant had, in fact, received conditions less than detention in another case (case No. 23-CF-2427) and did not obey them, giving rise to the charges in this case. We note that the police synopsis in exhibit No. 5 also reported an incident involving flight, and the public safety assessment report reflects that defendant has two or more prior failures to appear in the last two years.  Accordingly, the court's findings were not unreasonable.

¶ 12    Finally, defendant argues that court erred in its determination that "no condition or combination of conditions would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or class A misdemeanor," because "no evidence

was proffered by the State demonstrating a history or propensity for missing court dates." We agree with the State that defendant's argument is misplaced here, because the language he relies upon implicates section 110-6(a) (725 ILCS 5/110-6(a) (West 2022)), which applies to defendants who have had conditions of pretrial release revoked or modified. In *this* case, defendant had not had conditions of pretrial release revoked or modified.

¶ 13    For the foregoing reasons, we affirm the judgment of the circuit court of Kane County.

¶ 14    Affirmed.