2024 IL App (2d) 240499-U
No. 2-24-0499
Order filed November 13, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(l).

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of Kane County. |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | No.   24-CF-1510 |
| EDWIN A. SANTIAGO, | ) ) ) | Honorable Salvatore LoPiccolo, Jr., |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE MULLEN delivered the judgment of the court.
Justices Schostok and Kennedy concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The trial court did not err in granting the State's petition to deny defendant pretrial release and ordering him detained.

¶ 2    Defendant, Edwin A. Santiago, appeals from orders of the circuit court of Kane County (1) granting the State's verified petition to deny pretrial release and ordering him detained pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2022)) and (2) denying his subsequent motion for relief (Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024)). See Pub. Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023) (we will

refer to these public acts collectively as the "Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that: (1) the proof is evident or the presumption great that he committed the charged detainable offenses; (2) he poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case; and (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. We affirm.

¶ 3                                    I. STATEMENT OF FACTS

¶ 4                                       A. Factual Background

¶ 5      On July 14, 2024, defendant was charged by criminal complaint in the circuit court of Kane County with: (1) one count of armed violence (720 ILCS 5/33A-2(a) (West 2022)), a Class X felony; (2) one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2022)), a Class X felony; (3) one count of aggravated unlawful use of a weapon (previous felony conviction) (720 ILCS 5/24-1.6(a)(1) (West 2022)), a Class 2 felony; (4) one count of possession of a firearm without having a firearm owners' identification card (FOID) or while being ineligible for a FOID card (430 ILCS 65/2(a)(1) (West 2022)), a Class 3 felony; (5) two counts of aggravated unlawful use of a weapon (loaded without having a valid license under the Firearm Concealed Carry Act (430 ILCS 66/1 *et seq.* (West 2022)) or a FOID card) (720 ILCS 5/24-1.6(a)(2) (West 2022)), a Class 4 felony; (6) one count of possession of less than 15 grams of a substance containing cocaine

---

[1] Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act." However, neither title is official. *Rowe v. Raoul*, 2023 IL 129248, ¶ 4 n.1.

(720 ILCS 570/402(c) (West 2022)), a Class 4 felony; (7) one count of resisting or obstructing a police officer causing injury (720 ILCS 5/31-1(a-7) (West 2022)), a Class 4 felony; and (8) one count of possession of less than 15 grams of a substance containing fentanyl (720 ILCS 570/402(c) (West 2022)), a class 4 felony.[2]

¶ 6    Also on July 14, 2024, the State filed a "Verified Petition to Deny Defendant Pretrial Release" (Petition). The State urged the trial court to deny defendant pretrial release pursuant to section 110-6.1 of the Code (725 ILCS 5/110-6.1 (West 2022)) because: (1) defendant was charged with a felony offense other than a forcible felony for which, based on the charge or defendant's criminal history, a sentence of imprisonment, without probation, periodic imprisonment or conditional discharge, is required by law upon conviction (725 ILCS 5/110-6.1(a)(1) (West 2022)) and (2) defendant was charged with offenses qualifying for pretrial detention, including being an armed habitual criminal and a non-probational violation of aggravated unlawful use of a weapon (725 ILCS 5/110-6.1(a)(6) (West 2022)). The State further alleged that defendant's pretrial release would pose a real and present threat to the safety of any person or persons or the community. As additional grounds upon which defendant should be denied pretrial release, the State cited defendant's criminal history, which consisted of aggravated battery with a deadly weapon (Kane County case No. 23-CF-1828), theft (Cook County case No. 13-CR-269), multiple burglaries (Cook County case Nos. 13-CR-262, 13-CR-263, and 13-CR-270; Boone County case No. 10-CF-

---

[2] The record reflects that, over defendant's objection, the trial court granted the State leave to amend the armed violence count. Moreover, on August 28, 2024, a grand jury indicted defendant on eight counts of criminal offenses which largely overlap the counts set forth in the criminal complaint.

231; Kane County case No. 12-CF-2425; and Florida case No. 2009-CF-006902), and possession of drug paraphernalia (Kane County case No, 12-CM-2346). The State represented that defendant was sentenced to eight years' imprisonment on one of the burglary convictions, six years' imprisonment on three of the other burglary convictions, and six years' imprisonment on the theft conviction. Further, defendant was on probation for the aggravated-battery-with-a-deadly-weapon conviction at the time of the events giving rise to this case.[3]

¶ 7     The State attached to the Petition a sworn synopsis drafted by the arresting agency in the case at issue. The synopsis provides that on July 13, 2024, several officers from the Elgin Police Department were dispatched to a gas station in response to a call of a subject with a weapon. Upon the officers' arrival at the gas station, they observed a male that fit the description provided by the caller. The male subject was later identified as defendant. Defendant was accompanied by a female who was identified as Sabrina Benson. When the officers approached, defendant and Benson fled. As the subjects ran, the officers observed defendant throw a small black bag under a tree. After disposing of the bag, defendant and Benson stopped running. Defendant resisted the officers' attempts to detain him. Once handcuffed, a search of defendant's person located two white solid rocks which appeared to be crack cocaine. A revolver-style firearm was later discovered inside the black bag that defendant threw under the tree.

¶ 8     The synopsis further provides that defendant was transported to the police station. After signing a statement of constitutional rights and waiver form, defendant told the officers that an individual in red clothing known as "Mickey" handed him a black bag and asked defendant to hold

---

[3] There is no indication of the sentence, if any, in the two other burglary cases or the possession-of-drug-paraphernalia case.

on to it. Shortly thereafter, the police officers arrived. Defendant admitted possessing the black bag, but stated that he was not aware of the presence of a firearm inside. Defendant also acknowledged having a history of substance abuse, but claimed that the contraband discovered on his person was not for personal use. The two white solid rocks found on defendant's person weighed approximately 0.7 grams and field tested positive for cocaine and fentanyl.

¶ 9    The synopsis also provides that Officer Oscar Nava, one of the responding officers, contacted Carlos Carroza Gonzalez, the caller who reported the incident at the gas station. Gonzalez told Officer Nava that upon exiting the gas station, he encountered a shirtless male appearing to be of Hispanic descent. The man, who was carrying a black bag, was accompanied by a female. The man and the woman asked Gonzalez for money. When Gonzalez advised that he did not have any money to give, the male retrieved a revolver-style firearm from the black bag and pointed it towards Gonzalez. Gonzalez ran to his vehicle, drove off, and called 911.

¶ 10                                B. Detention Hearing

¶ 11    The matter proceeded to a detention hearing on July 15, 2024, before Judge Salvatore LoPiccolo. At the beginning of the hearing, the State reviewed defendant's criminal history, noting that defendant is a convicted felon. The State also emphasized that defendant was on probation at the time he allegedly committed the offenses at issue and that, as a condition of his probation, he was ordered not to commit any other criminal violations. At the State's request, the trial court admitted the synopsis in this case as well as the synopsis in Kane County case No. 23-CF-1828, the aggravated-battery-with-a-deadly-weapon case for which defendant was sentenced to probation. The State then reviewed the facts underlying the charges in the present case as set forth in the synopsis, arguing that there is clear and convincing evidence that defendant committed the charged detainable offenses.

¶ 12    The State further asserted that defendant poses a real and present threat to the community because the crime at issue involved a weapon and defendant's criminal history is "indicative of violent, abusive, or assault [*sic*] behavior." The State noted that defendant is on probation for aggravated battery with a deadly weapon in Kane County case No. 23-CF-1828. The synopsis for the aggravated battery case shows that defendant cut the victim with a knife. The State also referred to defendant's multiple burglary convictions and defendant's action in this case, which involved pointing a gun at Gonzalez, a random member of the community, and asking him for money. Based on this history, the State argued that defendant has "violent tendencies."

¶ 13    Additionally, the State contended that there are no conditions that will mitigate the threat to the community. In support of its position, the State asserted that defendant's interaction with Gonzalez was "random." The State also emphasized that given defendant's criminal history and the fact that he was on probation, he should not have possessed a firearm or illegal substances, and the fact that he did demonstrates that he cannot follow orders. The State added that defendant is listed as homeless in the synopsis, so there would be no address for him to be placed on electronic home monitoring (EHM) or global positioning system (GPS) monitoring. Even if EHM or GPS were a possibility, the State maintained that it would not prevent defendant from possessing a firearm or drugs or committing new offenses. Nor would EHM or GPS alert law enforcement if defendant came into possession of a firearm or drugs or threatened a member of the public with a weapon.

¶ 14    In response, defense counsel initially noted that defendant has four minor children and that he suffers from some medical issues, including blindness in his left eye and seizures. Defense counsel then argued that the State failed to meet its burden by clear and convincing evidence that the proof is evident or the presumption great that defendant committed a detainable offense, that

defendant presents a real and present threat to a specific person or the community, or that there are no conditions that can mitigate any potential threat to a specific person or the community. In support, defense counsel pointed to Gonzalez's description of the perpetrator, which he contended was vague in that it only described the perpetrator as "shirtless" and of "Hispanic descent." Defense counsel noted that Gonzalez did not reference the perpetrator's height, eye color, hair color, or whether the perpetrator had facial hair, a birthmark, or a tattoo. Defense counsel argued that any inference that defendant fled when the police approached because he knew that there was a gun in the bag is weakened by the fact that a suspected illegal substance was found on defendant's person after his arrest. Defense counsel surmised that the individual who defendant says provided him with the black bag could have been the one who approached Gonzalez.

¶ 15    Defense counsel further argued that defendant does not pose a danger to a specific person or the community because his conduct was not indicative of a "threat" or "any aggressive action." Defense counsel posited that after 2013, defendant lacked any significant criminal history. Defense counsel acknowledged the 2023 conviction from Kane County, but disputed that the 2023 offense was random, indicating that the synopsis shows that the victim was looking for drugs, "talking crazy," and approached defendant in an "aggressive manner." Finally, defense counsel argued that there are conditions that can be put in place to mitigate any alleged threat. Defense counsel stated that defendant has sought help from a community organization and suggested that the court can enter an order that defendant not possess weapons or controlled substances and that he engage with pretrial services.

¶ 16    Following the parties' arguments, the trial court granted the State's motion and denied pretrial release. The court found that the proof is evident or the presumption great that defendant committed the detainable offenses of armed violence, being an armed habitual criminal,

aggravated unlawful use of a weapon by a felon, and unlawful possession of a firearm without a FOID card or at a time when he is not eligible for a FOID card. The court premised its finding on the synopsis in the present case. The court noted that Gonzalez's statement to the police that defendant pulled a revolver out of the bag and pointed it at him refuted defendant's statement that he did not know there was a revolver in the bag. The court then explained:

"So the fact that he's in possession of a firearm while in possession of a controlled substance is armed violence. It's straight-up possession. It's not charged [as] intent to deliver.

In addition, the fact that he has six prior burglaries and is in possession of a firearm meets the elements of armed habitual, which is also charged in this case.

The fact he's a convicted felon, he's not allowed to possess a firearm. That provides aggravated unlawful use of a weapon by a felon as a Class 2 felony, and lastly, as a convicted felon, he is not allowed to possess a Firearm Owner's Identification Card because he's not eligible due to those felonies."

The court added that "the arguments made by [defense] counsel in regards to proof elements *** may *** be things to consider in regards to beyond a reasonable doubt, but we're not at a trial, and so I do believe the evidence shows by clear and convincing evidence that [defendant] committed those offenses."

¶ 17    The court further found that the State had proven by clear and convincing evidence that defendant poses a real and present threat to the safety of the community. The court acknowledged that the mere fact that defendant was in possession of a gun, committed armed violence, and is a habitual criminal "may not appear to be a violent offense [*sic*]." The court noted, however, that in addition to committing those offenses, defendant is alleged to have pointed a gun in the direction

of another individual after asking that individual for money. The court further observed that defendant was on probation for aggravated battery with a deadly weapon at the time he committed the offenses at issue and he has a history of forcible felonies. Thus, the court concluded, defendant has a history of violent offenses. The court acknowledged that the burglary convictions "occurred a while ago," but stated that whatever weight that argument has "goes out the window when [defendant] commits the offense of aggravated battery—deadly weapon in 2023." The court explained that defendant's conduct demonstrated "a continuing pattern from 2008 all the way through 2023, and then we have this offense, where he, in addition to the detainable offenses, [defendant] points a gun in the direction of another person." The court also noted that defendant has access to firearms and other weapons as indicated by the encounter with Gonzalez and the 2023 conviction of aggravated battery with a deadly weapon.

¶ 18    Lastly, the court concluded that there are no conditions or combination of conditions of pretrial release that could mitigate the real and present threat posed by defendant. The court found that defendant has shown an inability to follow the laws of society by committing multiple offenses after having previously been convicted of multiple burglaries and by violating the terms of his probation. The court acknowledged that defendant has some serious medical conditions, but stated that it does not "have an option in front of [it] in regards to those medical conditions." The court also acknowledged defense counsel's suggestion that community services are available, but stated that it lacked information about them. The court did not believe that EHM or GPS would be a condition that could be set in this case because defendant was homeless and, in any case, EHM and GPS would not inform the police whether defendant possessed a gun or a controlled substance.

¶ 19    After announcing its ruling, the court notified defendant that before he can file a notice of appeal, he must file a written motion for relief in the trial court. See Ill. S. Ct. R. 604(h)(2) (eff. April 15, 2024). The court entered a written order in accordance with its oral findings.

¶ 20                    C. Motion for Relief and Notice of Appeal

¶ 21    On July 16, 2024, defendant filed a "Motion for Relief Under the Pretrial Fairness Act." See Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). In the motion, defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the charged detainable offenses. Defendant asserted that the synopsis in this case was insufficient to identify him as the perpetrator with the firearm because Gonzalez provided "only a vague description *** with no details *** such as facial hair, hair on his head, tattoos or any other physical descriptors." Defendant also argued that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. Regarding this factor, defendant contended that the State presented little or no evidence other than the synopses. Defendant further argued that most of his criminal history is more than 10 years old and includes non-violent, burglary-type offenses. Additionally, defendant suggested that the aggravated-battery-with-a-deadly-weapon conviction, as detailed in one of the synopses admitted at the detention hearing, "is not necessarily indicative of exactly what occurred, [nor does it] account for the potential for imperfect self-defense or why *** [d]efendant chose to plea to the charge." Finally, defendant argued that the State failed to meet its burden of proving by clear and convincing evidence that there were no condition or combination of conditions that would mitigate the risk of his release. Defendant argued that the State presented little or no evidence on this factor and the court did not sufficiently consider the mitigating nature of his participation in a

community-support organization, the mitigating nature of reporting to pretrial services, or the personal circumstances related to defendant's children or his health issues.

¶ 22    A hearing on defendant's motion for relief was held before Judge David Kliment on August 23, 2024. Following arguments by the parties, the court denied defendant's motion. Defendant then initiated the present appeal. The Office of the State Appellate Defender (OSAD) was appointed to represent defendant on appeal. OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) (providing that the issues raised in the motion for relief are before the appellate court regardless of whether an optional memorandum is filed). Thus, on appeal, we are limited to the arguments made in defendant's motion for relief. The State filed a response in opposition to the appeal.

¶ 23                                         II. ANALYSIS

¶ 24    Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release on personal recognizance or with conditions of release. 725 ILCS 5/110-1.5, 110-2(a) (West 2022). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 5/110-2(a), 110-6.1(e) (West 2022). Under the Code, as amended, a defendant's pretrial release may only be denied in certain statutorily limited situations (qualifying offenses). 725 ILCS 5/110-2(a), 110-6.1 (West 2022). For most of the qualifying offenses, upon filing a verified petition requesting denial of pretrial release, the State has the burden to prove by clear and convincing evidence that the proof is evident or the presumption great that the defendant has committed the offense (725 ILCS 5/110-6.1(e)(1) (West 2022)), that the defendant's pretrial release poses a real and present threat to the safety of any person or persons or the community (725 ILCS 5/110-6.1(a)(1)-(7), (e)(2) (West 2022)) or a high likelihood of willful flight to avoid prosecution (725 ILCS 5/110-6.1(a)(8), (e)(3) (West 2022)), and that no condition or combination

of conditions can mitigate the real and present threat to the safety of any person or the community or the risk of the defendant's willful flight from prosecution (725 ILCS 5/110-6.1(e)(3) (West 2022)).

¶ 25    We apply a two-part standard of review to a trial court's decision to detain a defendant. We apply the manifest-weight-of-the-evidence standard to the trial court's factual determinations, including whether the proof is evident or the presumption great that a defendant has committed a qualifying offense, whether a defendant poses a threat or a high likelihood of willful flight, and whether any conditions would mitigate any threat or the risk of willful flight. *People v. Trottier*, 2023 IL App (2d) 230317, ¶ 13. A finding is contrary to the manifest weight of the evidence only if a conclusion opposite that to the trial court's is clearly apparent. *In re Jose A.*, 2018 IL App (2d) 180170, ¶ 17. The ultimate decision of whether a defendant should be detained is reviewed for an abuse of discretion. *Trottier*, 2023 IL App (2d) 230317, ¶ 13. An abuse of discretion occurs only if no reasonable person could agree with the trial court. *People v. Williams*, 2022 IL App (2d) 200455, ¶ 52.

¶ 26    On appeal, defendant raises three arguments. First, he argues that the State failed to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the charged detainable offenses. Second, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community, based on the specific, articulable facts of the case. Finally, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that there are no condition or combination of conditions that can mitigate the real and present threat to the safety of any person or persons or the community,

based on the specific, articulable facts of the case. We do not find any of these arguments persuasive.

¶ 27    Regarding defendant's first argument, he contends in his motion for relief that the State's submission of a synopsis is insufficient to meet its burden of proving by clear and convincing evidence that the proof is evident or the presumption great that he committed the charged detainable offenses. Notably, defendant contests the sufficiency of the evidence connecting him to the firearm, arguing that the trial court's reliance on the synopsis was improper because Gonzalez provided "only a vague description *** with no details *** such as facial hair, hair on his head, tattoos or any other physical descriptors." Defendant reasons that he is presumed innocent of all charges pending trial and that, without an adequate description, the evidence was insufficient to identify him as the person who allegedly approached Gonzalez with a firearm.

¶ 28    We reject defendant's claim that the State failed to meet its burden that he committed the charged detainable offenses because Gonzalez's description of the perpetrator was vague. The quantum of evidence required to detain a defendant pending trial is less than what is required at trial to prove guilt beyond a reasonable doubt. See 725 ILCS 5/110-6.1(f)(2), (f)(4)-(f)(6) (West 2022). Indeed, section 110-6.1(f)(2) of the Code (725 ILCS 5/110-6.1(f)(2) (West 2022)) expressly permits the parties to a detention hearing to present evidence by way of proffer based on reliable information, and this court has previously held that a police synopsis alone may be sufficient to sustain the State's burden. See, *e.g.*, *People v. Hill*, 2024 IL App (2d) 240436-U, ¶ 29; *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24; *People v. Jones*, 2024 IL App (2d) 230546-U, ¶ 9; *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24. The arguments defendant raises in his motion for relief were previously addressed by the trial court. The trial court stated that defendant's arguments regarding the sufficiency of the evidence "may *** be things to consider in regards to

beyond a reasonable doubt." But, the trial court noted, "we're not at a trial, and so I do believe the evidence shows by clear and convincing evidence that [defendant] committed those offenses." In essence, defendant's challenge constitutes an attack on the trial court's assessment of the weight to be accorded the evidence. As a court of review, however, we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence. *People v. Inman*, 2023 IL App (4th) 230864, ¶ 11. Accordingly, based on our review of the record, the trial court's finding that the State proved by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the charged detainable offenses was not against the manifest weight of the evidence.

¶ 29    Next, defendant argues in his motion for relief that the State failed to meet its burden of proving by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. In support of his position, defendant contends that, other than the two synopses, the State presented little evidence as to this factor. Defendant further argues that most of his criminal history is 10 years old or older and includes non-violent, burglary-type offenses. Additionally, defendant suggests that the aggravated-battery-with-a-weapon conviction, as detailed in one of the synopses admitted at the detention hearing, "is not necessarily indicative of exactly what occurred, [nor does it] account for the potential for imperfect self-defense or why *** [d]efendant chose to plea to the charge."

¶ 30    Under the Code, factors that the trial court may consider in making a determination of dangerousness, *i.e.*, that a defendant poses a real and present threat to any person or the community, include, but are not limited to: (1) the nature and circumstances of any offense charged, including whether the offense is a crime of violence, involving a weapon, or a sex offense;

(2) the history and characteristics of the defendant, including whether he or she has a prior criminal history indicative of violent, abusive, or assaultive behavior; (3) the identity of any person to whom the defendant is believed to pose a threat and the nature of the threat; (4) any statements made by or attributed to the defendant, together with the circumstances surrounding the statements; (5) the age and physical condition of the defendant; (6) the age and physical condition of the victim or complaining witness; (7) whether the defendant is known to possess or have access to any weapons; (8) whether at the time of the current offense or any other offense, the defendant was on probation, parole, or other form of supervised release from custody; and (9) any other factors, including those listed in section 110-5 of the Code (725 ILCS 5/110-5 (West 2022)), the court deems to have a reasonable bearing on the defendant's propensity or reputation for violent, abusive, or assaultive behavior, or lack of such behavior. 725 ILCS 5/110-6.1(g) (West 2022). The statute does not list any singular factor as dispositive. 725 ILCS 5/110-6.1(g) (West 2022).

¶ 31    In this case, the trial court found that the nature and circumstances of the charged offenses were violent, involving defendant pointing a gun at Gonzalez after asking him for money. The court further observed that defendant had a history of violent, abusive, or assaultive behavior. In this regard, the court noted that defendant was on probation for aggravated battery with a deadly weapon at the time he committed the offenses at issue. The aggravated-battery conviction involved defendant cutting an individual with a knife. The court found that defendant has access to firearms and other weapons as demonstrated by the encounter with Gonzalez and the 2023 aggravated-battery-with-a-weapon conviction. The court also pointed to defendant's history of forcible felonies. Based on our review of the record, we cannot say that the trial court's finding that the State proved by clear and convincing evidence that defendant poses a real and present threat to the safety of the community was against the manifest weight of the evidence. The arguments defendant

raised in his motion for relief do not persuade otherwise. Defendant protests that most of his criminal history is 10 years old or older and includes non-violent, burglary-type offenses. The trial court acknowledged that the burglary convictions "occurred a while ago," but discounted the notion that the passage of time favored defendant's release given defendant's recent encounters with the law. Moreover, the trial court expressly found that defendant has a history of violent offenses. This finding is not against the manifest weight of the evidence. As to defendant's claim regarding the aggravated-battery-with-a-deadly-weapon offense, we merely point out that the trial court was not required to view that conviction in the manner suggested by defendant. Defendant's disagreement represents nothing more than a difference of opinion with the trial court regarding the weight to be given the facts supporting the dangerousness determination in this case. As noted earlier, however, as a court of review, we will not substitute our own judgment for the trier of fact on issues regarding the weight of the evidence. *Inman*, 2023 IL App (4th) 230864, ¶ 11.

¶ 32    Finally, defendant argues in his motion for relief that the trial court erred in finding that there are no conditions or combination of conditions that can mitigate the risk of his release. Defendant contends that the State presented little or no evidence on this factor and that the trial court did not sufficiently consider the mitigating nature of his involvement in a community-support organization, the mitigating nature of reporting to pretrial services, or his personal circumstances as they relate to his children and his health issues.

¶ 33    In determining whether a specific threat can be mitigated through the imposition of conditions of pretrial release, the trial court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; (4) the nature and seriousness of the real and present threat to the safety of any person or the community that would be posed by the defendant's release; and (5) the

nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process. 725 ILCS 5/110-5(a)(1)-(5) (West 2022). The history and characteristics of the defendant include his or her "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past relating to drug or alcohol abuse, conduct, *** criminal history, and record concerning appearance at court proceedings" as well as "whether, at the time of the current offense or arrest, [he or she] was on probation, parole, or on other release pending trial, sentencing, appeal, or completion of sentence for any offense under federal law, or the law of this or any other state." 725 ILCS 5/110-5(a)(3)(A)-(B) (West 2022).

¶ 34    Here, the trial court found by clear and convincing evidence that no condition or combination of conditions could mitigate the real and present threat posed by defendant. We cannot find that a conclusion opposite that of the trial court's is clearly apparent. The trial court found that defendant has shown an inability to follow the laws of society by committing multiple offenses after having previously been convicted of multiple burglaries and by violating the terms of his probation. Further, the trial court rejected the notion that EHM or GPS would suffice, noting that defendant was homeless and that, in any case, EHM or GPS would not inform the police that defendant has a gun or possesses a controlled substance. Additionally, the court addressed defendant's personal circumstances. The court acknowledged that defendant has some serious medical conditions. The trial court also referenced defense counsel's suggestion that community services are available. Nevertheless, the trial court found that it lacked information about these factors. Considering the record before us, we cannot say that the trial court's finding that no condition or combination of conditions can mitigate the real and present threat to the physical safety of any person or persons or the community was against the manifest weight of the evidence.

¶ 35    In short, considering the record before us, we cannot say that the trial court's factual findings are against the manifest weight of the evidence. Moreover, based on the trial court's factual findings, we conclude that its order granting the petition to deny defendant pretrial release was not an abuse of discretion.

¶ 36                              III. CONCLUSION

¶ 37    For the reasons set forth above, we affirm the judgment of the circuit court of Kane County.

¶ 38    Affirmed.