2026 IL App (2d) 260139-U
No. 2-26-0139
Order filed June 24, 2026

**NOTICE:** This order was filed under Illinois Supreme Court Rule 23(b) and is not precedential except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee,

v.

JAMES T. WILLIAMS, Defendant-Appellant.

Appeal from the Circuit Court of Kane County.
Honorable Donald M. Tegeler Jr. and John A. Barsanti, Judges, Presiding.
No. 25-CF-2641

JUSTICE MULLEN delivered the judgment of the court.
Justices Schostok and Birkett concurred in the judgment.

**ORDER**

¶ 1    *Held*: We affirm the denial of defendant's motion for relief from continued pretrial detention.

¶ 2    Defendant, James T. Williams, appeals from orders of the circuit court of Kane County (1) granting the State's petition to revoke his pretrial release in one case and (2) denying him pretrial release in another case pursuant to article 110 of the Code of Criminal Procedure of 1963 (Code) (725 ILCS 5/art. 110 (West 2024)), as amended by Public Acts 101-652, § 10-255 (eff. Jan. 1, 2023) and 102-1104, § 70 (eff. Jan. 1, 2023) (we will refer to these public acts collectively as the

"Acts").[1] On appeal, defendant argues that the State failed to meet its burden of proving by clear and convincing evidence that: (1) the proof is evident or the presumption great that he committed the charged detainable offense; (2) he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case; (3) no condition or combination of conditions can mitigate the real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case; and (4) no condition or combination of conditions of release would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. We affirm.

¶ 3                                  I. STATEMENT OF FACTS

¶ 4                                       A. Background

¶ 5      On November 12, 2025, defendant was charged by complaint in Kane County case No. 25-CF-2641 with one count of criminal damage to property (720 ILCS 5/21-1(a)(1) (West 2024)), a Class 4 felony, one count of resisting a police officer (720 ILCS 5/31-1(a)(1) (West 2024)), a Class A misdemeanor, one count of battery by physical contact (720 ILCS 5/12-3(a)(2) (West 2024)), a Class A misdemeanor, and one count of disorderly conduct (720 ILCS 5/26-1(a)(1) (West 2024)), a Class C misdemeanor. These charges arose from a November 6, 2025, incident involving defendant at Misty's Smoke Shop. When officers responded to a call regarding customer dispute at the store, the owner, Samer Harb, reported that a male customer, later identified as defendant, had destroyed his store. Harb stated that he told to leave, but as he escorted defendant out of the store, defendant "swung around with his arm" and made physical contact with Harb. Defendant

---

[1]Public Act 101-652 (eff. Jan. 1, 2023), which amended article 110 of the Code, has been referred to as the "Pretrial Fairness Act" and the "Safety, Accountability, Fairness, and Equity-Today (SAFE-T) Act." However, neither title is official. Rowe v. Raoul, 2023 IL 129248, ¶ 4 n.1.

then refused to leave and sat on top of a glass counter. A struggle ensued, causing the counter to tip over and break the merchandise inside. Defendant also threw a candle at a television, shattering the screen.

¶ 6    On December 17, 2025, defendant appeared before Judge Donald M. Tegeler, Jr. on these charges. Judge Tegeler granted defendant pretrial release with conditions that he: (1) have no contact or communication with Harb; (2) stay away from Misty's Smoke Shop; (3) not possess a firearm or dangerous weapon; (4) surrender any firearms and his FOID card; and (5) obey all court orders and not commit any new criminal offenses.

¶ 7                                    B. Petition to Revoke

¶ 8    On December 20, 2025, the State filed a "Verified Application to Revoke Defendant's Pretrial Release" (First Petition to Revoke) in case No. 25-CF-2641. As support for its petition, the State alleged that while on pretrial release in the instant matter, defendant was charged with resisting a peace officer on December 18, 2025, in Kane County case No. 25-CM-2313. Defendant also had three other pending cases in Kane County. In case No. 25-CM-1966, defendant was charged with obstructing identification, a Class A misdemeanor, and criminal trespass, a Class B misdemeanor. Additionally, the State alleged that defendant was currently on probation or conditional release in case No. 23-CF-2738 for manufacturing or delivering cannabis, a Class 4 felony; in case No. 25-CF-1044 for criminal damage to property, a Class 4 felony; and in case Nos. 25-CM-1554 and 25-CM- 1729 for violating an order of protection, a Class A misdemeanor. The State further indicated that defendant had an extensive criminal history, including a 2020 conviction of possession of a weapon by a felon, a 2016 conviction of escape and domestic battery, 2015 convictions of burglary and robbery, a 2014 conviction of aggravated battery causing great bodily harm, and a 2012 conviction of aggravated robbery.

¶ 9    On December 22, 2025, Judge John A. Barsanti held a hearing on the State's First Petition to Revoke. In support of its petition, the State proffered a verified police synopsis related to defendant's arrest on December 18, 2025, for resisting a peace officer. The State noted that as a condition of defendant's pretrial release in the instant matter, he had been ordered not to commit any new criminal offenses. The State additionally emphasized that defendant was currently on probation in four separate offenses and that he has a lengthy criminal history. The State argued that no conditions of release could prevent defendant from committing new criminal offenses if he were granted continued pretrial release. The State contended that defendant had a history of committing new offenses back-to-back. Additionally, because defendant is homeless, conditions of release such as electronic home monitoring (EHM) would not be feasible.

¶ 10    In response, defense counsel argued that the calls precipitating the police response and leading to defendant's arrests were cases of mistaken identity. Thus, counsel reasoned, there were no underlying offenses contributing to the charges for resisting arrest.

¶ 11    Following argument by the parties, the trial court denied the State's petition. In issuing his oral ruling, Judge Barsanti noted that he did not find by clear and convincing evidence that defendant poses a real and present threat to the safety of the community. Although the State contended that its burden was to prove whether any conditions could prevent defendant from committing new criminal offenses, Judge Barsanti maintained that defendant did not pose a threat to the community.

¶ 12                          C. Second Petition to Revoke

¶ 13    On January 9, 2026, the State filed a second "Verified Application to Revoke Defendant's Pretrial Release" (Second Petition to Revoke). As a basis for this petition, the State alleged that defendant had been charged with domestic battery in Kane County case No. 26-DV-26, arising

from an incident on January 7, 2026.[2] The State further alleged that defendant was on probation in four separate cases, had several pending cases, and possessed a lengthy criminal history consistent with the allegations in the First Petition to Revoke.

¶ 14 That same day, the matter proceeded to a hearing before Judge Tegeler on the State's Second Petition to Revoke. In support of its petition, the State proffered a verified police synopsis for case No. 26-DV-26. The synopsis indicated that officers responded to a domestic battery call, and upon arrival, officers spoke to Takea L., who stated that she had a relationship with defendant for two months, during which time he had resided at her apartment. Takea L. had since removed defendant from her residence. On January 7, 2026, defendant entered her apartment, went to the bathroom, and began showering. Takea L. told defendant to get out of the shower. After defendant left the bathroom, Takea L. told him she did not want him in her apartment. As defendant gathered his belongings to leave, he threw the contents of an Arizona Iced Tea at Takea L. Defendant additionally threatened Takea L. that he would return to the residence to break in and damage her property.

¶ 15 The State argued that defendant's domestic battery charge was a detainable offense. The State noted that many of defendant's pending cases and prior convictions involved "some measure of violence." The State additionally proffered synopses from several of defendant's other pending

---

[2]The record before us does not contain a petition to detain defendant in case No. 26-DV-26. However, in the proceedings before the trial court on January 9, 2026, the State and defense counsel both argued the merits of detention in case No. 26-DV-26 and whether defendant's pretrial release should be revoked in case No. 25-CF-2641. The trial court made findings in accordance with these arguments and the parties reference both in their appeal. Accordingly, we address both defendant's detention in case No. 26-DV-26 and the revocation of his pretrial release in case No. 25-CF-2641 as necessary to resolve this appeal.

cases, many of which included defendant destroying property at locations where he had trespassed. The State noted that defendant often "resorts to violence when things don't go his way, whether he acts out against property or against people." Thus, the State argued that defendant is a danger to both Takea L. and the community, and that no conditions of release could prevent defendant from continuing to commit crimes or mitigate the danger he poses to the community.

¶ 16    The trial court granted the State's Second Petition to Revoke and also ordered defendant detained in case No. 26-DV-26. In issuing his oral ruling, Judge Tegeler found that no conditions could prevent defendant from committing further crimes if he remained on pretrial release. Judge Tegeler read into the record defendant's lengthy criminal history, noting that, "[t]his man, for whatever reason, will not listen to anything the Court tells him to do and will not follow any of the Court's orders, and that is borne out by his criminal history."

¶ 17                              D. Motion for Relief

¶ 18    On January 27, 2026, defendant filed a motion for relief, arguing that the trial court improperly granted the revocation of his pretrial release in case No. 25-CF-2641 and the denial of his pretrial release in case No. 26-DV-26. Defendant first argued that the State failed to prove that he was charged with an offense that is a Class A misdemeanor or higher, and failed to prove that no condition or combination of conditions of release would reasonably ensure his appearance for later hearings or prevent him from being charged with a subsequent felony or Class A misdemeanor. Additionally, defendant argued that the evidence was insufficient to prove that the proof is evident or the presumption great that he committed the charged offenses. He further maintained that the State failed to prove that he poses a real and present threat to the safety of any person or the community based on the specific, articulable facts of the case, and that there were

less restrictive conditions were available to any mitigate threat or ensure his aiblity to appear in court for scheduled court dates.

¶ 19    A hearing on defendant's motion was held before Judge Tegeler on March 6, 2026. At the hearing, defense counsel questioned the sufficiency of the State's evidence against him and proposed that there were conditions of release available to prevent defendant from committing new offenses. These conditions included requiring defendant to abstain from using controlled or intoxicating substances and that he have no contact with Takea L. Defense counsel additionally argued that the new domestic violence charge was less serious than other domestic cases, and that the danger to the complaining witness was not significant because defendant had had no further contact with her. Additionally, defense counsel argued that defendant could still be placed on GPS monitoring even without a home address to ensure he does not go within a designated radius of any residence or business from which he is barred.

¶ 20    The trial court denied defendant's motion for relief. In his oral ruling, Judge Tegeler upheld its previous finding that defendant poses a danger to both the public and Takea L.  Additionally, Judge Tegeler reaffirmed his finding that no condition or combination of conditions would sufficiently mitigate the risk that defendant would fail to appear in court or commit additional offenses.  The court noted that this conclusion was based on defendant's history of committing new offenses while on pretrial release, demonstrating an apparent disregard for court orders. Judge Tegeler emphasized that the most recent allegation was that defendant entered a residence that was not his and committed domestic battery while on pretrial release. Additionally, the court noted in this order that defendant "fought with officers in the courtroom" on that day.

¶ 21    On March 20, 2026, defendant filed a notice of appeal. The court appointed the Office of the State Appellate Defender (OSAD) to represent defendant. See Ill S. Ct. R. 604(h)(3) (eff. Apr.

15, 2024) (providing that a party may initiate an appeal by filing a notice of appeal in the circuit court at any time prior to conviction). OSAD elected not to file a memorandum under Illinois Supreme Court Rule 604(h)(7) (eff. Apr. 15, 2024) (providing that the issues raised in the motion for relief are before the appellate court regardless of whether an optional memorandum is filed). Thus, on appeal, we are limited to arguments made in defendant's motion for relief.

¶ 22                                    II. ANALYSIS

¶ 23    In his motion for relief, defendant argued that the trial court erred in denying pretrial release in case No. 26-DV-26 and in revoking pretrial release in case No. 25-CF-2641. Defendant argues that the trial court erred in finding that the evidence was sufficient to prove that the proof is evident or the presumption great that he committed the charged offenses. He further contends that the State failed to prove that he poses a real and present threat to the safety or any person or the community based on the specific, articulable facts of the case, and that there were less restrictive conditions available to mitigate the threat or ensure his appearance in court for scheduled court dates. Additionally, defendant argues that the State failed to prove that no less restrictive conditions were available to prevent him from committing future felonies or class A misdemeanors while on pretrial release.

¶ 24    Article 110 of the Code, as amended by the Acts, abolished traditional monetary bail in favor of pretrial release with conditions. 725 ILCS 5/110-1.5, 110-2(a) (West 2024). In Illinois, all persons charged with an offense are eligible for pretrial release. 725 ILCS 110-2(a), 110-6.1(e) (West 2024). The Code further necessitates that "[d]ecisions regarding release, conditions of release, and detention prior to trial must be individualized, and no single factor or standard may be used exclusively to order detention." 725 ILCS 5/110-6.1(f)(7) (West 2024).

¶ 25   Section 110-6 of the Code (725 ILCS 5/110-6(a) (West 2024)) address revocation of pretrial release. It provides:

> "When a defendant has previously been granted pretrial release under this Section for a felony or Class A misdemeanor, that pretrial release may be revoked only if the defendant is charged with a felony or Class A misdemeanor that is alleged to have occurred during the defendant's pretrial release after a hearing on the court's own motion or upon the filing of a verified petition by the State." 725 ILCS 5/110-6(a) (West 2024).

Upon the filing of a verified petition for revocation, the State must prove the defendant was charged with a felony or Class A misdemeanor while on pretrial release and that no condition or combination of conditions of release would reasonably ensure the appearance of the defendant for later hearings or prevent the defendant from being charged with a subsequent felony or Class A misdemeanor. 725 ILCS 5/110-6(a) (West 2024). At the revocation hearing, the court may consider "all relevant circumstances." *Id*.

¶ 26   For a denial of pretrial release, the State must prove by clear and convincing evidence that (1) the proof is evident or the presumption great that the defendant has committed a detainable offense (725 ILCS 5/110.6.1(e)(1) (West 2024)), (2) the defendant's pretrial release poses a threat to the safety of any person or persons within the community based on the specific articulable facts of the case (725 ILCS 5/110.6.1(a)(1-7), (e)(2) (West 2024)) or a high likelihood of the defendant's willful flight (725 ILCS 5/110.6.1(a)(8), (e)(3) (West 2024), and (3) no condition or combination of conditions can mitigate either the threats to safety or the likelihood of the defendant's willful flight (725 ILCS 5/110.6.1(e)(3) (West 2024)).

¶ 27    In this case, no live testimony was presented. The parties proceeded solely by proffer. Accordingly, our review of the trial court's orders is *de* novo. *People v. Morgan*, 2025 IL 130626, ¶ 54.

¶ 28    We first address the denial of pretrial release in case No. 26-DV-26. Defendant argues that the evidence was insufficient to prove by clear and convincing evidence that the proof is evident or the presumption great that he committed a detainable offense. He asserts that the trial court relied on police synopses for its finding, and a police synopsis would only be sufficient to establish probable cause, which requires a lower evidentiary basis than what is required to meet the level of clear and convincing evidence. We disagree. This court has previously noted that the quantum of evidence required to detain a defendant pending trial is less than what is required at trial to prove guilt beyond a reasonable doubt. *People v. Santiago*, 2024 IL App (2d) 240499-U, ¶ 28. It has been previously held by this court that a police synopsis alone is sufficient to sustain the State's burden at a detention hearing. See, *e.g., People v. Hill*, 2024 IL App (2d) 240436-U, ¶ 29; *People v. Mancilla*, 2024 IL App (2d) 230505, ¶ 24; *People v. Jones*, 2024 IL App (2d) 230546-U, ¶ 9; *People v. Horne*, 2023 IL App (2d) 230382, ¶ 24; *People v. Arroyo*, 2025 IL App (2d) 250058-U, ¶ 34. Here, the State presented police synopses containing details obtained directly from the complaining witness. Thus, it is not necessary that the State further prove defendant's guilt at this stage. We conclude that the State proved by clear and convincing evidence that the proof is evident or the presumption great that defendant committed the charged offenses.

¶ 29    Defendant also asserts that the State did not prove by clear and convincing evidence that he poses a real and present threat to the safety of any person or persons or the community based on the specific, articulable facts of the case. We disagree. Section 110-6.1(g) sets forth a nonexhaustive list of factors a court may consider when determining whether a defendant poses a

real and present threat to any person or the community, including the circumstances of the offense, the defendant's history and characteristics, the nature of any threat, access to weapons, and other factors bearing on the defendant's propensity for violent, abusive, or assaultive behavior. 725 ILCS 5/110-6.1(g) (West 2024). Here, the synopsis indicates that the nature and circumstance of the charged offenses included violence and verbal threats. 725 ILCS 5/110-6.1(g)(1) (West 2024). Defendant was told to leave Takea L.'s apartment and did not do so. Only after defendant threw liquid at Takea L.'s face and threatened her did he exit the property. Further, defendant's prior criminal history is indicative of violent behavior. 725 ILCS 5/110-6.1(g)(2) (West 2024). He has an extensive criminal history, including multiple convictions for battery, domestic battery, robbery, burglary, criminal damage to property, violation of orders of protection, and resisting a peace officer.

¶ 30    Additionally, defendant asserts that the State's proofs as to certain convictions in his criminal record were insufficient. However, the record reflects that defendant was charged with battery and threatened Takea L. while on pretrial release for charges that included battery and criminal damage to property. Here, defendant's numerous prior convictions, the charged conduct, and his conduct while on pretrial release support that the State has proved by clear and convincing evidence that defendant poses a real and present threat to the safety of persons and the community.

¶ 31    Further, defendant contends that the State failed to meet its burden to prove by clear and convincing evidence that no condition or combination of conditions could mitigate the threat to any person's safety. "[D]angerousness and conditions of release are two sides of the same coin; the nature and severity of the threat necessarily determine the nature and severity of the conditions that could—or could not—mitigate the threat." *People v. Romine*, 2024 IL App (4th) 240321, ¶ 16. As described above, the charged offenses involve violence and demonstrate defendant's disregard

for the victim's repeated requests that he leave her home, supporting that conditions of release would be insufficient to mitigate the threat he poses. Defendant additionally has a history of convictions for violating orders of protection, suggesting that a protective order would also be insufficient. Defendant notes that he was awaiting a psychological evaluation in case No. 2023-CF-2738 and had been participating in mental health services, which could be continued as a condition of release. The record reflects that defendant was already engaged in mental health treatment when he allegedly committed this offense, as well as several other offenses. Thus, we cannot reasonably conclude that continued participation in mental health would sufficiently mitigate the threat posed by the defendant. Given the apparent ineffectiveness of less restrictive measures previously in place, the State proved by clear and convincing evidence that no condition or combination of conditions could adequately mitigate the threat defendant posed to the complaining witness and the community.

¶ 32 As to the issue of the revocation of defendant's pretrial release in case No. 25-CF-2641, defendant argues that the State failed to prove that no less restrictive conditions or combination of conditions could prevent him from being charged with a subsequent felony or class A misdemeanor.

¶ 33 Here, after defendant was granted pretrial release in case No. 25-CF-2641, he was charged with two subsequent class A misdemeanors. Defendant argues that conditions such as mental health treatment or a no-contact order could mitigate any threat of him continuing to commit new offenses pending trial. As previously noted, mental health treatment would not sufficiently mitigate the threat posed by defendant, nor would it sufficiently mitigate the risk of defendant committing additional detainable offenses. EHM is also not an adequate condition given defendant's lack of stable housing. Additionally, while on pretrial release, defendant committed new offenses across

multiple locations directed toward various individuals. While location monitoring could assist in enforcing geographic restrictions, it cannot ensure compliance in situations where defendant enters public or semi-public establishments and engages in an altercation or damages property. A review of the record demonstrates that defendant struggles to follow laws and court orders despite court-imposed conditions. We find that no conditions of release can reasonably mitigate the risk of subsequent offenses and conclude that the trial court did not err in denying defendant's motion for relief.

¶ 34                                    III. CONCLUSION

¶ 35    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 36    Affirmed.